**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4329

TYRONE E. FREEMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-98-433-AW)

Submitted: June 27, 2000

Decided: July 11, 2000

Before MURNAGHAN and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Antoini M. Jones, GIBSON, JONES & ASSOCIATES, Riverdale,
Maryland, for Appellant. Lynne A. Battaglia, United States Attorney,
Sandra Wilkinson, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tyrone E. Freeman appeals his jury convictions and resulting sentences for being a felon in possession of a firearm and ammunition. Finding no error, we affirm.

Freeman contends the court erred in admitting evidence under Fed. R. Evid. 404(b) of prior bad acts. We find no abuse of discretion in admitting evidence that Freeman had previously fled the police and abandoned contraband before he was apprehended. See United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991). We conclude the evidence was admissible under Rule 404(b) to show Freeman's motive and intent. We also conclude its prejudicial effect did not outweigh its probative value when it was presented in rebuttal to Freeman's defense. See Fed. R. Evid. 403, 404(b); United States v. Bailey, 990 F.2d 119, 122 (4th Cir. 1993).

Freeman next contends the prosecution and the district court deprived him of a fair trial by engaging in improper questioning of his main defense witness. We find Freeman's conclusory allegations of prosecutorial misconduct without merit because he fails to meet even the threshold requirement of demonstrating that the Government's cross-examination was actually improper. See United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999). We likewise find the questions posed by the court were direct questions concerning the witness' observations on the night in question and did not reflect bias on the part of the court or result in a denial of due process. See United States v. Tello, 707 F.2d 85 (4th Cir. 1983).

Freeman next asserts ineffective assistance of trial counsel in failing to move to suppress and to adequately cross-examine a Government witness concerning a "show up" identification at the scene. Because the materials before us on appeal do not conclusively estab-

2

lish defense counsel rendered ineffective assistance, we find the claims are not properly raised on appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992) (finding claims of ineffective assistance of counsel more properly raised in motion under 28 U.S.C.A. § 2255 unless record conclusively establishes ineffectiveness).

Freeman's final argument is that the Government failed to comply with Fed. R. Crim. P. 16 and advise him of statements he allegedly made at the time of his arrest and that the Government intentionally misled him prior to trial by indicating no identification procedures were conducted. We find no plain error as to Freeman's conclusory allegations of misconduct.

We therefore affirm Freeman's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3